UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| LESLIE BRUNER, CALVIN G. BANKS, SR., and AMANDA PRESLEY, | ) ) ) Civil Action No. 5:06-425-JMH |
| Plaintiffs, | ) |
| v. | ) **MEMORANDUM OPINION & ORDER** |
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiffs Leslie Bruner and Calvin G. Banks, Sr. filed a motion for summary judgment [Record No. 20], to which Defendant Lexington-Fayette Urban County Government ("LFUCG") responded [Record No. 22]. Neither of the plaintiffs filed a response to LFUCG's motion for summary judgment [Record No. 19]. Also before the Court is Plaintiff Amanda Presley's motion to dismiss [Record No. 21]. The Court being sufficiently advised, this matter is ripe for review.

**Background**

The facts in this case are undisputed and were summarized by the Court in its February 5, 2007, Memorandum Opinion and Order denying Plaintiffs' motion for a preliminary injunction. Pursuant to resolutions passed by the LFUCG, Plaintiffs were appointed in

the position of "Staff to Council II."[1]  The resolutions specifically state that Plaintiffs' appointments are unclassified civil service appointments.

On December 14, 2006, the LFUCG's Council passed Ordinance No. 403-2006 ("the Ordinance"), which eliminated the position of Staff to Council II.  The Ordinance became effective on January 1, 2007, abolishing Plaintiffs' positions.  Plaintiffs brought suit against the LFUCG alleging (1) that they were employed as classified civil service employees and therefore had a legitimate expectation of continued employment in their positions and (2) that the LFUCG violated 42 U.S.C. § 1983 by depriving them of their constitutionally protected property interest without due process.  Both of the plaintiffs and the LFUCG have filed motions for summary judgment, arguing that no material facts are in dispute and that each is entitled to judgment as a matter of law.

## Standard of Review

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The

---

[1] Plaintiff Bruner was initially appointed as a "Legislative Aid to Council Trainee" via a February 2, 2000, resolution. Bruner's job title eventually changed to "Staff to Council II," but her job responsibilities and duties remained the same.

moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the Court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. *Celotex*, 477 U.S. at 325.

The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). This Court must draw all inferences in a light most favorable to nonmoving party, and summary judgment may be granted "if the record, taken as a whole, could not lead a rational trier of fact to find for [the nonmoving party]." *McKinnie v. Roadway Express*, 341 F.3d 554, 557 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). When faced with cross-motions for summary judgment, the Court uses the same standard of review as it evaluates each motion independently. *Natural Res. Def. Council v. Evans*, 254 F. Supp. 2d 434, 438 (S.D.N.Y. 2003).

**Analysis**

Plaintiffs claim they had a constitutionally protected property interest in their continued employment. "[A] property interest exists and its boundaries are defined by 'rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 141 (6th Cir. 1997) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). An unclassified employee does not have a property right to continued employment. *Christophel v. Kukulinsky*, 61 F.3d 479, 482 (6th Cir. 1995) (citing *Vodila v. Clelland*, 836 F.2d 231, 232 (6th Cir. 1987)).

Viewing the facts in the light most favorable to Plaintiffs, the LFUCG is entitled to judgment as a matter of law. LFUCG did not promise Plaintiffs continued employment when it hired them. The ordinances state that Plaintiffs were hired in unclassified positions. Plaintiffs knew they were being hired as unclassified employees. The LFUCG also points to language in its Code of Ordinances that specifically categorizes the "Staff to Council II" position as an unclassified position.

Plaintiffs claim that under the LFUCG's Charter, the LFUCG erred and *should* have hired them as classified civil service employees. Plaintiffs argue that even though the LFUCG failed to

4

follow the Charter, they still have a legitimate claim of entitlement to a property interest in continued employment because they *should* have had classified status. According to Plaintiffs, the LFUCG's Charter supports their proposition. Section 9.02 of the Charter states that "[a]ll positions in the Lexington-Fayette Urban County Government shall be in the classified Civil Service" subject to several exceptions. Plaintiffs contend that they are not included in any of the exceptions. Essentially, Plaintiffs argue that a civil servant who was hired as an at-will, unclassified employee, but who should have been hired as a classified civil servant, automatically enjoys the rights of classified status and may enforce those rights against her employer. Plaintiffs have failed to support that premise with statutory or case law.

As noted in the Court's February 5, 2007, Opinion, the *Christophel* court examined a similar argument from a plaintiff who claimed that although she was hired as an unclassified civil servant, she should have had classified status: "Implicit in Christophel's syllogism is a crucial premise, i.e., that, under Ohio law, an unclassified civil servant's contention that she should be placed in the classified service automatically bestows on her the rights which accompany classified status, and automatically imposes on defendants the duties owed to those having classified status." *Christophel*, 61 F.3d at 486. The Sixth Circuit reviewed

5

Ohio law for support for Christophel's argument and found none. *Id.* Moreover, and particularly relevant to the issues presented by Plaintiffs in this case, the *Christophel* court discussed the "fundamental difference" between "the attainment of a state-recognized status, and the mere assertion of a right to that status." *Id.*

The plaintiffs' motion for summary judgment must be denied; they have failed to show that, as a matter of law, they enjoyed a constitutionally protected property right in continued employment. Plaintiffs have clearly only "asserted" a right to classified status. Per the Sixth Circuit's language, the plaintiffs' right can fairly be described as "no more than an inchoate claim, not yet adjudicated or otherwise acted upon," and "[u]ntil the state bestows the right or benefit, there is no property right, and nothing for the procedural protections afforded by the Due Process Clause to protect." *Id.; see Roth*, 408 U.S. at 576 ("The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits."). When the LFUCG hires an employee to fill a position with classified status, it follows the procedures outlined in Chapter 67A. Plaintiffs were not hired pursuant to those procedures. In order to have a legitimate expectation of continued employment with the LFUCG, one must have classified status, and to have classified status, one must have

6

been hired pursuant to the procedures in Chapter 67A.[2]  Because Plaintiffs were not hired pursuant to the procedures for bestowing classified status upon an employee, they have not shown that they had a constitutionally protected property interest in their employment.

As a result, the Court finds that the LFUCG has shown that because Plaintiffs had no property interest in their positions, they could be dismissed without process and the LFUCG is entitled to judgment as a matter of law.

## Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED**:

1)  that Plaintiff Amanda Presley's motion to dismiss [Record No. 21] be, and the same hereby is, **GRANTED**;

2)  that Defendant's motion for summary judgment [Record No. 19] be, and the same hereby is, **GRANTED**;

3)  that Plaintiffs' motion for summary judgment [Record

---

[2] In an effort to distinguish *Christophel* from their case, Plaintiffs argue that the LFUCG's act of hiring Plaintiffs for a position "not excluded by terms of Charter § 9.02 from the classified Civil Service" represents the state action that established their constitutionally protected property interest. Plaintiffs are mistaken that their hiring automatically granted them a protected property interest in continued employment. Although Plaintiffs characterize the procedures set forth in KRS 67A as "immaterial," the Court agrees with the LFUCG that Kentucky law does not allow the filling of any classified civil service position without going through the required process set forth in KRS § 67A.240.

No. 20] be, and the same hereby is, **DENIED**.

This the 13th day of July, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge